UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAUBRICIO MURILLO JIRON NAHUN A-201-708-786,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondent.

No. 1:26-cv-04398-DC-CKD P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner Maubricio Murillo Jiron Nahun is detained by Immigrations and Customs Enforcement ("ICE"). The court appointed counsel who filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 9.) Respondent filed an answer. (ECF No. 11.) Petitioner filed a reply. (ECF No. 13.) Petitioner also requested a preliminary injunction. (ECF No. 12.) After the first amended petition was fully briefed, petitioner filed a request to file documents under seal in the form of an unauthorized supplemental brief and accompanying exhibits. (ECF No. 14.)

The court first notes that access to civil immigration cases such as this one is already restricted, although documents are still viewable by the public via public terminals in the courthouse. See, e.g., Doe v. Andrews, No. 1:25-CV-00755-CDB, 2025 WL 2581551, at *2 (E.D.

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

Cal. Aug. 18, 2025). Petitioner's request to seal fails to overcome the strong presumption in favor of access to court records, as it does not show that "compelling reasons" support secrecy. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). Moreover, the request to seal does not meet the requirements of Local Rule 141. (See ECF No. 14.) In particular, the request fails to set forth the statutory or other authority for sealing. (See id.) In addition, the court has reviewed the unauthorized supplemental brief petitioner seeks to file under seal and finds both the brief and exhibits unhelpful to resolution of the specific issues presented by the pending first amended petition. Accordingly, the request to file an unauthorized supplemental brief under seal will be denied. For the reasons set forth below, the undersigned recommends the petition be denied.

## I. Background

Petitioner is a native and citizen of Honduras. (ECF No. 11-1 at 1.) He alleges he entered the United States seeking asylum, after which he obtained employment, developed ties to the community, and, at the time of his detention, was the sole provider for his wife and child with autism. (ECF No. 9 at 2-3.)

On May 28, 2025, petitioner was arrested for and subsequently charged with grand theft and receipt of stolen property. (ECF No. 11-2 at 4.) Petitioner does not dispute that those charges remain pending. The parties also agree petitioner's removal proceedings are pending and there is no evidence petitioner is subject to a final order of removal.

Respondent argues petitioner is subject to mandatory detention under 28 U.S.C. § 1226(c) because of his charges are for Laken Riley Act offenses. (ECF No. 11.) Respondent asserts, and petitioner does not dispute, that petitioner has never sought a Joseph hearing.[2] (Id. at 1.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

---

[2] See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (explaining that detainees who claim they are not covered by § 1226(c) have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c)).

(citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

The first amended petition asserts petitioner has been unlawfully detained since June 2, 2026, without receiving any individualized custody hearing or neutral determination justifying his detention. (ECF No. 9 at 3-4.) However, petitioner does not rebut respondent's evidence that prior to being detained, he was arrested for and subsequently charged with the offenses of grand theft and receipt of stolen property.

In January 2025, Congress enacted the Laken Riley Act, which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

Based on the record before the court, petitioner satisfies the statutory conditions for the application of 8 U.S.C. § 1226(c)(1)(E) on account of his administrative charge as inadmissible under "Section 212(a)(6)(A)(i) of the [INA]" (ECF No. 11-4 at 1-2) and his May 2025 criminal charge for grand theft. See § 1226(c)(1)(E)(i)-(ii). Petitioner argues respondent's reliance on § 1226(c) is premature and legally deficient because his charges remained pending as of the date of the detention. However, as petitioner acknowledges, § 1226(c)(1)(E) applies to persons "charged with" committing acts which constitute the essential elements of any… theft[.]" 8 U.S.C.A. § 1226(c)(1)(E)(ii). Thus, petitioner fails to show he is detained in violation of the INA.

In light of the application of 8 U.S.C. § 1226(c), petitioner was not entitled to a pre-deprivation hearing. Petitioner "cites no authority, nor is the [c]ourt aware of any, which would require ICE to provide [a noncitizen] with notice and a hearing prior to detaining him pursuant to

§ 1226(c)." Medina Soto v. Robbins, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). Petitioner is also not entitled to any bond hearing at this point. See Demore v. Kim, 538 U.S. 510, 531 (upholding the constitutionality of mandatory § 1226(c) detention "for the limited period of ... removal proceedings"); see also Haryana-Sandhir v. Warden Golden State Annex, No. 1:26-CV-0405 DJC SCR, 2026 WL 1079374, at *1 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:26-CV-0405 DJC SCR, 2026 WL 1189129 (E.D. Cal. Apr. 30, 2026). Moreover, petitioner acknowledges his detention without a bond hearing, at approximately two months, is not unconstitutionally prolonged at this point. (ECF No. 9 at 4.) "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner fails to carry his burden and is not entitled to relief.

## IV. Order and Recommendation

For the reasons set forth above, IT IS ORDERED that petitioner's request to file an unauthorized supplemental brief under seal (ECF No. 14) is DENIED.

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's request for a preliminary injunction (ECF No. 12) be denied.
2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

/////

/////

objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 jiro4398.mer